JAMES, J.,
concurring in part and dissenting in part:
¶ 53. I dissent in part from the majority’s ruling because I disagree that Sims should be ordered to pay restitution for Stevens’s injuries. The charges relating *328 to Stevens’s injuries were dismissed without any request by the State for restitution from Sims being included as part of the plea petition. The plea petition does not comply with Rule 8.04 of the Uniform Rules of Circuit Court and County Court.
¶ 54. Rule 8.04(B)(2)(b) requires that a plea petition include “a recommendation to the trial court for a particular sentence, with the understanding that such recommendation or request will not be binding upon the court.” The rule also states that “the court shall require disclosure of the recommendation in open court, with the terms of the recommendation to be placed in the record.” URCCC 8.04(B)(4). In this case, the terms of any offer made by the State that restitution be paid to Stevens were not included in the plea petition. The court ordered Sims to pay restitution of $6,000 to Stevens and $4,000 to Broome. However, the plea petition makes no reference to these terms. Not only does the petition lack information about the terms of the restitution to be paid to Stevens regarding the charges that were dismissed, but more importantly, it fails to provide for restitution for Broome’s injuries, regarding the charge to which Sims agreed to plead guilty. Without this information being in the plea petition, it cannot be ascertained exactly what Sims agreed to in exchange for his guilty plea, or whether he was informed of the restitution fees. Rule 8.04 requires a showing that the defendant’s guilty plea was voluntary. “A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.” URCCC 8.04(A)(3). Because Sims’s plea petition lacked pertinent terms of the agreement, it cannot be concluded from the record that Sims’s guilty plea was voluntarily and intelligently made as required by Rule 8.04 regarding the $6,000 in restitution to Stevens. Not ordering Sims to pay $6,000 to Stevens promotes fundamental fairness and assures that Sims’s fundamental rights are protected. Complying with Rule 8.04 protects an attorney in that it allows the appellate courts to see the terms of the State’s recommendations in the plea petition. Compliance with Rule 8.04 also ensures that the defendant’s fundamental rights are protected.